# In the United States Court of Federal Claims

|   |   |   |
|---|---|---|
| RICHARD L. SATTGAST, TREASURER OF THE STATE OF SOUTH DAKOTA; JOHN NEELY KENNEDY, TREASURER OF THE STATE OF LOUISIANA; ALLISON BALL, TREASURER OF THE COMMONWEALTH OF KENTUCKY; LYNN FITCH, TREASURER OF THE STATE OF MISSISSIPPI; CURTIS M. LOFTIS, JR., TREASURER OF THE STATE OF SOUTH CAROLINA; GREGORY F. ZOELLER, ATTORNEY GENERAL OF THE STATE OF INDIANA; JACQUELINE T. WILLIAMS, DIRECTOR, OHIO DEPARTMENT OF COMMERCE; JEFF ATWATER, CHIEF FINANCIAL OFFICER FOR THE STATE OF FLORIDA; MICHAEL L. FITZGERALD, TREASURER OF THE STATE OF IOWA; JOSEPH M. TORSELLA, TREASURER OF THE COMMONWEALTH OF PENNSYLVANIA, <br><br> Plaintiffs, <br><br> v. <br><br> THE UNITED STATES OF AMERICA, <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Nos. 15-1364C, 15-1365C, 16-221C, 16-231C, 16-451C, 16-699C, 16-1021C, 16-1482C, 19-678C, 20-944C <br><br> (Filed:  November 30, 2020) |

### OPINION AND ORDER

These related cases are currently before the Court on the plaintiffs' joint request for a status conference. For the reasons set forth below, Plaintiffs' request is **DENIED.** Further, in light of the court of appeals' decision in Laturner v. United States, 933 F.3d 1354 (Fed. Cir. 2019), cert. denied, No. 19-1279, 2020 WL 5882248 (U.S. Oct. 5, 2020), the cases are **DISMISSED** with prejudice for failure to state a claim.

### BACKGROUND

The plaintiffs in these cases, acting through their Treasurers and other state officials, are the States of South Dakota, Louisiana, Mississippi, South Carolina, Indiana, Ohio, Florida, and

Iowa, and the Commonwealths of Kentucky and Pennsylvania. Each of the ten plaintiffs has filed a similar complaint alleging that the state obtained title to a large but unknown number of matured, unredeemed United States savings bonds under valid state judicial escheat proceedings. Each has further alleged that the United States Department of the Treasury ("Treasury") wrongfully refused to redeem any "Absent Bonds," i.e, bonds to which the state had secured title but for which it did not possess the bond certificates that Treasury issued when the bonds were purchased. In addition, each has argued that the failure to pay the proceeds of the Absent Bonds to the state was a breach of contract (express and implied) and a Fifth Amendment Taking of its property without just compensation. They have all requested that the Court enter declaratory judgments that they were entitled to redeem the Absent Bonds and an award of many millions of dollars in damages.

This Court stayed all ten cases while essentially identical issues were pending before it (and then the court of appeals) in LaTurner v. United States, 133 Fed. Cl. 47 (2017), rev'd, 933 F.3d 1354 (Fed. Cir. 2019) (Kansas) and Lea v. United States, 132 Fed. Cl. 705 (2017), rev'd, 933 F.3d 1354 (Fed. Cir. 2019) (Arkansas). In those cases, this Court ruled that, under Treasury's regulations, Kansas and Arkansas were the rightful owners of Absent Bonds to which they asserted title pursuant to state court judgments of escheat and that they were entitled to pursue redemption of the proceeds of the bonds on that basis. See LaTurner, 133 Fed. Cl. at 69; Lea v. United States, 132 Fed. Cl. at 724.

On December 1, 2017, on the motion of the United States, the Court certified its Orders in LaTurner and Lea for interlocutory appeal and stayed proceedings in those cases pending appeal. Laturner v. United States, 135 Fed. Cl. 501, 503 (2017); Lea v. United States, No. 16-43C, 2017 WL 5929229, at *1 (Fed. Cl. Dec. 1, 2017).

The court of appeals granted the federal government's motion to appeal and reversed this Court's decisions. See Laturner v. United States, 933 F.3d 1354 (Fed. Cir. 2019), cert. denied, No. 19-1279, 2020 WL 5882248 (U.S. Oct. 5, 2020). The court of appeals held that federal law does not permit the transfer of ownership of the bonds under state escheat laws and that federal law pre-empted state law. Id. at 1361. Further, the court of appeals held, "even if Federal law recognized [the states] as the rightful bond owners, they could have no greater rights than the original bond owners." Id. at 1363–64. It reasoned that under Treasury regulations a bond owner must present the bond in order to redeem it, that the states could not do so with respect to the Absent Bonds, and that even if the bonds were considered "lost" under Treasury regulations, the states could not redeem them because it did not have the bonds' serial numbers as Treasury's regulations require. Id. at 1364. The court of appeals also held that it would circumvent these regulatory requirements to require Treasury to search for serial numbers and produce them in discovery. Id. It therefore reversed this Court's ruling granting partial summary judgment to the plaintiffs in both cases and directed this Court to enter summary judgment on behalf of the government. Id. at 1367.[1]

---

[1] Plaintiffs in LaTurner and Lea filed petitions for rehearing en banc, which the court of appeals denied on December 11, 2019. Order on Petitions for Rehearing En Banc, Nos. 18-1509 and 18-1510 (Fed. Cir. Dec. 11, 2019).

After the court of appeals ruled, the parties advised the Court that the State of Kansas was considering seeking Supreme Court review in LaTurner. The Court granted the parties' request that it continue to stay the cases pending a decision by the Supreme Court either denying the LaTurner petition for certiorari or disposing of the case on the merits.[2]

On October 5, 2020, the Supreme Court denied certiorari in LaTurner (as well as in Lea). LaTurner v. United States, No. 19-1279, 2020 WL 5882248 (U.S. Oct. 5, 2020); Lea v. United States, No. 19-1285, 2020 WL 5882249 (U.S. Oct. 5, 2020). This Court then granted two unopposed motions to extend the deadline for filing a joint status report proposing further proceedings in the cases.[3]

The parties have now filed their joint report. See, e.g., Joint Status Report, Sattgast v. United States, No. 15-1364, ECF No. 21. They disagree regarding the next steps in these cases.

## DISCUSSION

The government contends that LaTurner "leaves no question as to the proper and necessary disposition of the remaining escheat cases," which is dismissal. Id. at 8. Indeed, the government observes, "Plaintiffs have represented to this Court numerous times over the years that it would be efficient to litigate LaTurner and Lea first because the claims and issues in those cases are substantially identical to the claims and issues in their complaints." Id. (citations omitted); see also Petition for a Writ of Certiorari at 4, LaTurner v. United States, No. 19-1279, 2020 WL 5882248 (U.S. Oct. 5, 2020) (contentions by attorneys who also represent plaintiffs here that the Supreme Court "should resolve the appellate disagreement the Federal Circuit created and reject that court's overreaching approach to preemption" and that "[n]o future case will better present the issue, because all future Tucker Act claims will be resolved the same way, in the same court, under the panel's precedential opinion"); Petition for Writ of Certiorari at 30, Lea v. United States, No. 19-1285, 2020 WL 5882249 (U.S. Oct. 5, 2020) ("[T]he legal conclusions adopted by the Federal Circuit will also ultimately dictate the fate of the entirety of the $26 billion worth of abandoned bonds that have matured but have been left unredeemed.").

On the other hand, Plaintiffs argue that their cases should not be dismissed because "the state plaintiffs retain a significant interest in—and numerous legal avenues for—recovering the

---

[2] See Sattgast v. United States, No. 15-1364C (ECF No. 16); Kennedy v. United States, No. 15-1365 (ECF No. 16); Ball v. United States, No. 16-221 (ECF No. 14); Fitch v. United States, No. 16-231 (ECF No. 14); Loftis v. United States, No. 16-451 (ECF No. 11); Zoeller v. United States, No. 16-699 (ECF No. 13); Williams v. United States, No. 16-1021 (ECF No. 11); Atwater v. United States, No. 16-1482 (ECF No. 10); Fitzgerald v. United States, No. 19-678 (ECF No. 10). The complaint in Torsella v. United States, No. 20-944, was filed on July 31, 2020. See ECF No. 1. The Court subsequently entered a stay order in Torsella on September 14, 2020. See ECF No. 7.

[3] See Sattgast, No. 15-1364 (ECF Nos. 18, 20); Kennedy, No. 15-1365 (ECF Nos. 18, 20); Ball, No. 16-221 (ECF Nos. 16, 18); Fitch, No. 16-231 (ECF Nos. 16, 18); Loftis, No. 16-451 (ECF Nos. 13, 15); Zoeller, No. 16-699 (ECF Nos. 15, 17); Williams, No. 16-1021 (ECF Nos. 13, 15); Atwater, No. 16-1482 (ECF Nos. 12, 14); Fitzgerald, No. 19-678 (ECF No. 13); Torsella, No. 20-944 (ECF Nos. 9, 11).

proceeds of their citizens' matured unredeemed savings bonds." E.g., Joint Status Report at 5, Sattgast, No. 15-1364, ECF No. 21. Although not entirely clear, the Court understands the plaintiffs to be referencing their interests in redeeming bonds in their possession as described in 31 C.F.R. § 315.88. That rule—which Treasury proposed and finalized during the course of this litigation—authorizes Treasury "in its discretion," to "recognize an escheat judgment that purports to vest a State with title to a definitive savings bond that has reached the final extended maturity date and is in the State's possession." Id. Plaintiffs assert that "[m]aximizing the States' ability to connect their citizens with the proceeds of abandoned savings bonds in the States' possession will require Treasury's cooperation—cooperation that history shows will not come easily but that this Court can legally compel." E.g., Joint Status Report at 5, Sattgast, No. 15-1364. They ask the Court to schedule a status conference "so that we may explore how the cases should proceed in a manner that protects the states' ongoing interest consistent with the Federal Circuit's rulings on appeal." Id.

The Court agrees with the government that holding a status conference for these stated purposes would be pointless and that these cases must be dismissed in light of LaTurner. The claims in these cases arose exclusively out of Treasury's refusal to redeem Absent Bonds, i.e., bonds to which the states acquired title through escheat, but which they do not possess. The court of appeals' decision in LaTurner, which is now final, establishes that the state laws that purport to bestow title to Absent Bonds on the state are pre-empted by federal law and that, in any event, the states cannot redeem the bonds without at least supplying their serial numbers. These holdings are fatal to the claims that the Plaintiffs have presented in their complaints here, which, as noted, concern the redemption of Absent Bonds, not bonds that are in the states' possession and may be redeemed under 31 C.F.R. § 315.88.

In fact, Plaintiffs do not attempt to explain why LaTurner does not mandate dismissal of the claims in their complaints. Their rationale for this Court to exercise "continued oversight and supervision" arises out of other concerns—i.e., how Treasury has or may (in the future) exercise its discretion under 31 C.F.R. § 315.88. E.g., Joint Status Report at 5, Sattgast, No. 15-1364. As noted, they seek to "[m]aximiz[e] the States' ability to connect their citizens with the proceeds of abandoned savings bonds in the States' possession." Id. (emphasis supplied); see also id. Exs. A, B, C, D, E, G, H, I, J (letters from state officials explaining that "Bonds in Possession" and "Bonds Returned to Treasury . . . remain a key priority" for the states); id. Ex. F (letter from Mississippi Attorney General stating that the Court's oversight is needed to "secure the unclaimed property successes that Treasury claims to permit"); Exs. K, L (affidavits of offspring of deceased bond owners regarding the states' efforts to help them identify and redeem abandoned bonds).

The Court is somewhat bewildered by Plaintiffs' expression of concern about whether Treasury will allow them to redeem bonds that are in their possession, as they have acknowledged that Treasury has already done so in the past and agreed to do so going forward.[4] But in any event, this Court has no authority to retain jurisdiction over claims arising out of future disputes under 31 C.F.R. § 315.88 about the redemption of savings bonds that are in the

---

[4] E.g., Compl. ¶ 62, Kennedy, No. 15-1365, ECF No. 1; Compl. ¶ 61, Sattgast, No. 15-1364, ECF No. 1; Compl. ¶ 57, Atwater, No. 16-1482, ECF No. 1; Compl. ¶ 62, Torsella, No. 20-944, ECF No. 1.

states' possession. Because the claims in the complaints concern the redemption of Absent Bonds, they cannot withstand the holding in LaTurner, and must be dismissed.

## **CONCLUSION**

Based on the foregoing, Plaintiffs' request for a status conference is **DENIED**. In addition, the cases are **DISMISSED** with prejudice in accordance with the court of appeals' holding in LaTurner. The Clerk is directed to enter judgment accordingly.

**IT IS SO ORDERED.**

s/ Elaine D. Kaplan
ELAINE D. KAPLAN
Judge